[Doc. Nos. 16, 17]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DEAN SMITH,<br><br>      Plaintiff,<br><br>  v.<br><br>PROFESSIONAL BILLING & MANAGEMENT SERVICES, INC., et al.,<br><br>      Defendants. | Civil No. 06-4453 (JEI) |

**OPINION**

    This matter is before the Court on plaintiff's "Motion in Support of Settlement and Approval of Class Notice" [Doc. Nos. 16, 17].[1]  For the reasons to be discussed, plaintiff's motion is GRANTED and the Court will enter an Order preliminarily approving the parties' settlement agreement as fair, reasonable and adequate, and conditionally certifying for settlement purposes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the class defined in the parties' settlement agreement.  The Court will also approve the proposed form and manner of service of the Notice of Proposed Class Action Settlement, Fairness Hearing, Final Settlement Approval and Distribution of Counsel Fees ("Notice"), and it will schedule a

---

    [1]Pursuant to 28 U.S.C. §636 (c) the parties' consented to the jurisdiction of this Court to decide plaintiff's motion. [Doc. Nos. 17, 18].

final hearing to determine if the settlement should be approved.

Background

Plaintiff filed his Complaint on September 20, 2006. Plaintiff alleges that defendant Professional Billing & Management Services, Inc. ("PBMS") sent identical letters to him and other similarly situated individuals seeking to collect on medical bills that were unpaid (or underpaid) by insurance providers. Defendant Sandra Kireta Chilcote is the President of PBMS. Plaintiff contends that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et. seq.[2] Plaintiff alleges the violations of the FDCPA subject the defendants to strict liability for statutory damages. Defendants deny liability. The proposed settlement class includes 2,449 natural persons who received defendants' collection correspondence in September 2006.

Pursuant to the parties' proposed settlement, each class member will receive $6.50, which equates to a total class payment of $15,918.50. Any class member suffering "actual damages" can opt-out of the settlement to pursue his or her own claim. The named plaintiff, Dean Smith, will receive $2,500 for filing the Complaint, rendering services on behalf of the class, meeting with

---

[2]More specifically, plaintiff alleges that defendants did not provide the "mini-Miranda" warning mandated by 15 U.S.C. §1692e(11), defendants' letter did not contain a statement of validation rights mandated by 15 U.S.C. §1692g(a), and the defendants' letters contained confusing response deadlines as per the controlling Third Circuit precedent set forth in Graziano v. Harrison, 950 F.2d 107 (3d Cir. 1991).

2

counsel and participating in settlement discussions. Defendants have agreed to pay plaintiff's counsel fees and costs in an amount not exceeding $17,500. This sum is to be paid separately by the defendants and does effect or diminish the relief to the class. Plaintiff proposes to use defendants' mailing list to serve the class with the Notice, and service will be accomplished via United States first class mail, postage prepaid.

Discussion

Judicial review of a proposed class action settlement is a two-step process: preliminary fairness approval and a subsequent fairness hearing. Jones v. Commerce Bancorp Inc., C.A. No. 05-5600 (RBK), 2007 WL 2085357, at *2 (D.N.J. July 16, 2007). See also Manual for Complex Litigation, §21.632 (4th ed. 2006). (Hereafter "MCL at _____"). In the first step of the process a court should make a preliminary evaluation of the fairness of the settlement before directing that notice be given to the settlement class. Id. at *2. The preliminary approval establishes an initial presumption of fairness when the court finds that: (1) the parties' negotiations occurred at arms length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigations; and (4) only a small fraction of the class objected. In re General Motors Corp. Pick-Up Truck Fuel Tank

Products Liability Litigation, 55 F.3d 768, 785 (3d Cir. 1995).[3] "Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." Jones, supra at *2. Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason. Id. (quoting In re Nasdaq Market-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997)). See also In re Insurance Brokerage Antitrust Litigation, MDL No. 1663, C. A. Nos 04-5184 (GEB), 05-1079 (GEB), 2007 WL 2589950, at *2 (D.N.J. Sept. 4, 2007) (granting preliminary approval to a class action settlement where there was arm's length negotiations, broad discovery and the settlement agreement was sufficiently fair, reasonable and adequate to warrant sending notice of the action and settlement to the class and holding a full hearing on settlement).

In addition to doing a preliminary evaluation of the fairness of the settlement in the first step of the judicial review process, it is also necessary to determine if class certification is appropriate. Amchem Products, Inc. v. Windsor, 521 U.S. 591, 621-22 (1997). In this context, some courts make only a preliminary determination that the proposed claims satisfy the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b).

---

[3] The Court will not be able to evaluate the number of objections to the settlement until after the Notice is served. This will be addressed at the final hearing.

Insurance Brokerage, supra; MCL at §21.632 ("The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)"). Other courts make a final decision as to the appropriateness of class certification. See Jones, supra. In this Opinion the Court will address whether the proposed class should be preliminarily certified. The final certification decision will be addressed at the final hearing. Accordingly, for the purpose of deciding whether to grant preliminary approval of the parties' settlement, the Court will undertake to evaluate the fairness of the parties' settlement and whether class certification is appropriate.

The Fairness of the Proposed Settlement

The record plainly demonstrates that the fairness of the proposed settlement should be preliminarily approved. Counsel in this case are experienced class action litigators and there is no indication that they conducted anything other than arms length settlement negotiations. Furthermore, settlement occurred after plaintiff conducted sufficient discovery to determine that the benefits of the settlement outweighed the cost and risk of continued litigation. Plaintiff learned from discovery that the class consists of 2,449 individuals who each received the same mass mailing. Plaintiff also obtained various accountings of defendants' business and the sales agreement of PBMS which is

5

relevant to determining the maximum potential damages available to plaintiff and the class under the FDCPA.

Although the ultimate relief to each class member ($6.50) will not be substantial, the Court finds that the settlement falls within the "range of reason" and is not "obviously deficient." This is true because pursuant to the FDCPA defendants' exposure for statutory damages is limited to one percent of its net worth or $500,000, whichever is less. 15 U.S.C. §1692k. Plaintiff points out there is uncertainty whether the value of defendants' business for the purpose of a penalty assessment is its fair market value($500,000) or "book value" (assets minus liabilities). Depending upon whether the book value estimate of plaintiff ($408,663) or defendants ($75,783) is used, one percent of any of these figures is less than the proposed $15,918.50 settlement. This certainly puts the parties' settlement within a reasonable range. The reasonableness of the settlement is buttressed by the fact that any member of the class who suffered "actual damages" can opt-out of the settlement.[4]

---

[4] Plaintiff's brief focuses on Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975), wherein the Third Circuit identified nine factors that should be examined when evaluating the fairness and adequacy of a settlement:(1) the complexity, expense and likely duration of a litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and

Further, substantial authority exists for the payment of an incentive award to the named plaintiff. <u>Varacallo v. Massachusetts Mut. Life Ins. Co.</u>, 226 F.R.D. 207, 257 (D.N.J. 2005). Since the named plaintiff performed considerable work that conferred benefits on the entire class, he deserves to be appropriately compensated. <u>Id</u>. at 258-59; <u>In re Insurance Brokerage Antitrust Litigation</u>, MDL No. 1663, C. A. Nos 04-5184 (GEB), 05-1079 (GEB), 2007 WL 2916472, at *8 (D.N.J. Oct. 5, 2007).

<u>Class Certification</u>

As will be discussed, the Court rules that class certification should be preliminarily approved. The proposed settlement class is defined in Section II.F. of the parties' Settlement Agreement and Release as "all 2449 known natural persons who [were] sent correspondence similar to the attached Exhibit by the Defendants." <u>See</u> Doc. No. 16-3 at 3.[5]  Although settlement classes may be certified, they still must satisfy the criteria in Fed. R. Civ. P. 23.  <u>Amchem Products, Inc.</u>, <u>supra</u>. It is well settled that Rule 23

---

(9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. <u>Id</u>. at 157. The <u>Girsh</u> factors, "do not provide an exhaustive list of factors to be considered when reviewing a proposed settlement." <u>In re AT&T Corp. Security Litg.</u>, 455 F.3d 160, 165 (3d Cir. 2006). The court may take other factors into consideration. <u>Insurance Brokerage</u>, <u>supra</u> at *4. When the final hearing is held the Court will examine all appropriate factors to determine if the settlement should be approved.

[5] The referenced Exhibit is the September 12, 2006 letter defendants sent plaintiff. [Doc. No. 17, p.2].

7

sets forth a two-prong standard for class certification. <u>DalPonte v. American Mortgage Express Corp.</u>, C.A. No. 04-2152 (JEI), 2006 WL 2403982, at *2 (D.N.J. Aug. 17, 2006).  In order for plaintiff's class to be certified, he must establish that all four subsections of Rule 23(a) are met and that at least one subsection of Rule 23(b) is met.  <u>In re Warfarin Sodium Antitrust Litig.</u>, 391 F.3d 516, 527 (3d Cir. 2004).  The requirements of Rule 23(a) are numerosity, commonality, typicality and adequacy.

<u>Numerosity</u>

Certification is appropriate if "the class is so numerous that joinder of all members is impracticable." Rule 23(a)(1).  There is no minimum number necessary to satisfy the numerosity requirement.  Courts in the Third Circuit generally hold that classes of close to one hundred members are sufficient. <u>James</u>, <u>supra</u> at *3.  See also <u>Weiss v. York Hosp.</u>, 745 F.2d 786, 808 n. 35 (3d Cir. 1984)(citation omitted)("Numbers in excess of forty, particularly those exceeding one hundred  or one thousand has sustained the [numerosity] requirement").  Since the settlement class consists of 2449 individuals the numerosity requirement is easily satisfied.

<u>Commonality</u>

Plaintiff's burden to show that "there are questions of law or fact common to the class" (Rule 23(a)(2)) is "not high" <u>In re School Asbestos Litig</u>., 789 F.2d 996, 1010 (3d Cir. 1986).  The commonality requirement is satisfied if the named plaintiff shares

8

at least one question of fact or law with the complaints of the prospective class. Newton v. Merrill Lynch Pierce, Fenner & Smith, Inc., 259 F.3d 154, 183 (3d Cir. 2001)(citations omitted). One key common question in this case is the fact that defendants sent essentially the same letter to all class members. Thus, commonality is satisfied.

Typicality

When analyzing typicality (Rule 23(a)(2)) courts ask "whether the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." Baby Neal v. Casey, 43 F.3d 48, 55 (3d Cir. 1994). There is a "low threshold" for satisfying typicality in the Third Circuit. Newton, 259 F.3d at 183-84. Typicality is satisfied if the plaintiff's legal clams, defenses or circumstances are not "markedly different" from the claims of other class members. Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985). Typicality is met in this case because the claims of plaintiff and the class all arise from the receipt of the same letter.

Adequacy of Representation

In order to certify the class the court must find that "the representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4). This involves a two-part inquiry. First, adequacy of representation determines whether

9

plaintiffs's attorney is qualified, experienced and able to conduct the litigation. DalPonte, supra at *4. Second, plaintiff must not have interests antagonistic to those of the class. Id. Plaintiff has made a preliminary showing that his counsel is qualified, experienced and generally able to prosecute this class litigation. In addition, no issues have been raised that the named plaintiff's interests are antagonistic to those of the class. Also, it does not appear that there are unique defenses applicable to the named plaintiff which could defeat certification. Beck v. Maximus, Inc., 457 F.3d 291, 300 (3d Cir. 2006).

Rule 23(b) Requirements

Plaintiff seeks to certify this class action pursuant to Fed. R. Civ. P. 23(b)(3). Pursuant to this Rule a class action may be maintained if a court finds that common questions of law or fact predominate over questions affecting only individual class members and a class action is the superior method for fair and efficient adjudication of the matter. In this case, common questions of law or fact plainly predominate over individual questions. Plaintiff's claims arise out of the receipt of a letter from defendants and all class members received similar letters. Further, it does not appear that there are separate defenses applicable to the different class members. In essence, the claims of everyone in the class are essentially identical.

The superiority requirement requires a court to balance, in

terms of fairness and efficiency, the class action method of proceeding against alternative available methods of adjudication. DalPonte, supra at *9.  Rule 23(b)(3) sets out four factors relevant to the superiority inquiry.[6]  Class certification is superior where individual claims are small or modest.  In re Prudential Inc. Co. of Am. Sales Practice Litigation Agent Actions, 148 F.3d 283, 316 (3d Cir. 1998).  If the class is not certified in this case it is likely that a significant number of aggrieved individuals would not pursue their claims.  (This is evidenced by the fact that although the mailing in question occurred in September, 2006,  to date this appears to be the only lawsuit regarding the mailing). "This is exactly the kind of result Congress intended to avoid through the creation of the class action form." Barkouras v. Hecker, Civ. No. 06-0366 (AET), 2006 WL 3544585, at *4 (D.N.J. Dec. 8, 2006).  Another benefit to class certification compared to individual suits is that it creates a greater likelihood that the defendants will not become insolvent. Id.[7]  Since the claims of the individual class members are

---

[6] These four factors are, (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of the class action.

[7] An individual suing under the FDCPA may recover "damages as the court may allow, but not exceeding $1,000."  The recovery in

11

relatively modest, and there is no alternative to litigating the claims, class certification is a superior method of adjudication rather than other available choices. Therefore, the requirements of Rule 23(b)(3) are met.  <u>Barkouras</u>, <u>supra</u>.  See <u>also Still v. JCB Associates, P.C.</u>, Civ. No. 02-3550 (RBK), 2005 WL 1334715, at *6 (D.N.J. June 3, 2005).

<u>Approval of Class Notice</u>

After the Court preliminarily determines that a settlement is fair and that class certification is appropriate, it must then address the notice to be given to the class.  Pursuant to Fed. R. Civ. P. 23(c)(1)(B), "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Plaintiff submitted a proposed Notice which the Court hereby approves.

> Pursuant to Rule 23(c)(2)(B)the notice to the class must:
>
> concisely and clearly state in plain, easily understood language: the nature of the action, the definition of the class certified, the class claims, issues, or defenses, that a class member may enter an appearance through counsel if the member so desires, that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and the binding effect of a class judgment on class

---

a class action may not "exceed the lesser of $500,000 or 1 percent of the net worth of the Defendant."  15 U.S.C. §1692k(a)(2).  Unless the class is certified individuals may continue to file suit until the defendants are insolvent.

members under Rule 23(c)(3).

The Notice in this case provides the class with all of this information.  The Notice sets forth the background of the litigation, the definition of the class and the key terms of the settlement.  It also indicates that at the final hearing plaintiff will make an application for attorney's fees which may not exceed $17,500.  The Notice also advises the class about how they can participate in the settlement or opt-out.  Information regarding the final approval hearing and the binding effect of the settlement is also provided.  The Notice makes it clear that a person must serve a form to opt-out of the class and that any class member who suffered individual damages can still pursue their claim after opting out.  Plaintiff proposes that the class be notified by first-class mail.  This is unquestionably the best notice practicable under the circumstances.

<u>Conclusion</u>

For the foregoing reasons, Plaintiff's Motion in Support of Settlement and Approval of Class Notice will be granted.  An appropriate Order will be issued.

<u>s/Joel Schneider</u>  
JOEL SCHNEIDER  
United States Magistrate Judge

Dated: November 21, 2007

13